UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 14-cr-10276-IT |
| | * | |
| JOHN CRANNEY, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

April 3, 2017

TALWANI, D.J.

Before the court is Defendant John Cranney's Motion to Suppress Illegal Recording
[#187]. Defendant seeks to suppress under 18 U.S.C. § 2515 a recording made by an alleged
victim, pseudonymously known as A.D. After the court deferred ruling on the motion until
Defendant had an opportunity to *voir dire* A.D. as to the tape's admissibility, Defendant
withdrew the motion insofar as it was based on the claim that the tape was made in conjunction
with government officials, and counsel represented to the court that Defendant had no objection
to the court ruling on the motion on the record alone.

Title 18, Section 2515, prohibits receiving into evidence intercepted oral communications
if the disclosure of that information would be in violation of 18 U.S.C. §§ 2510-2522. In turn, 18
U.S.C. § 2511 prohibits the intentional disclosure of an unlawfully recorded oral communication.
A recording is not unlawfully recorded for purposes of this section if the intercepting party: is
not acting under color of law, is one of the parties to the communication, and has not intercepted
the communication "for the purpose of committing any criminal or tortious act in violation of the
Constitution or laws of the United States or of any State." 18 U.S.C. § 2511(2)(d). A defendant
seeking to suppress a recording bears the burden of proving by a preponderance of the evidence

that "the primary motivation" or "a determinative factor" for making the recording was to commit a criminal or tortious act. See United States v. Cassiere, 4 F.3d 1006, 1021 (1st Cir. 1993); 18 U.S.C. § 2511(2)(d).

Defendant alleges that A.D. sought to terminate his loan agreement with Defendant and secure more favorable terms, and that A.D. intended to use this recording to accuse Defendant of wrongdoing unless Defendant yielded some pecuniary advantage to A.D. Defendant points to: two promissory notes that Defendant contends establish that A.D. knew the money was given to Defendant as a loan and had agreed to its terms; an e-mail exchange in advance of the conversation that Defendant describes as a "provocative and threatening email" in which "A.D. threatened to go to the authorities if Mr. Cranney did not return his money immediately"; the substance of the recording itself, which Defendant asserts is compelling evidence that A.D. had agreed to the loan and that the recording was part of a plan to force Defendant to change the terms of their financial arrangement or to injure or embarrass Defendant; and an "agreement" made during the recording purporting to grant a lien on Defendant's house—which, Defendant argues, was the fruit of A.D.'s extortion.

The government rejoins that the recording itself refutes these arguments, revealing that A.D. asked only for his own money back rather than for more favorable terms in any purported deal—and that the lien on Defendant's house was in fact Defendant's idea to stave off A.D.'s growing concerns. The government also proffers that A.D. will be called as a witness, that the government expects A.D. to testify at trial about how Defendant tricked him into transferring his 401(k) savings to Defendant's investment company, and that he recorded Defendant because he wanted to hold Defendant to what he said.

In light of the proffer, the court reserves a final determination as to the admissibility of the tape until A.D. has had an opportunity to testify. Accordingly, the <u>Motion</u> *in limine* [#187] is DENIED.

IT IS SO ORDERED

DATE: April 3, 2017                              /s/ Indira Talwani_____
                                                 United States District Judge