UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 14-10276-IT |
| JOHN WILLIAM CRANNEY, aka | ) |
| JACK CRANNEY | ) |
| Defendant. | ) |

DEFENDANT'S MOTION TO PRESENT WITNESS
OUT OF ORDER DURING TRIAL

Now comes defendant, John W. Cranney, who respectfully moves this Court to (a) permit defense witness, Burt Stillman, to testify live before the jury on August 16, August 17 or August 18, 2017, out of order, during an afternoon session; or (b) permit the defense to call him on September 5th, regardless of when the government's case ends.  In support of this request, defendant states the following:

1.  Mr. Cranney's trial was originally scheduled to begin on April 3, 2017.  He had a heart attack and was eventually released and returned to his home in Texas.  He is scheduled for a nuclear stress test in July to determine his health status. Trial was rescheduled for August 17, 2017.

2.  During the last status hearing, defendant alerted the Court that a defense witness was unavailable to testify during the time the defense expected to present its case—during the week of August 28th..  This witness, Burt Stillman, lives out of state and is scheduled to travel out of the country beginning August 19th and returning September 3rd.

3.  The government objects to Mr. Stillman testifying during their case-in-chief. Consequently, defendant suggests that he testify live during an afternoon session on one of the dates identified above; preferably August 17, 2017.

4. Mr. Stillman will testify that (a) he loaned Mr. Cranney well over one million dollars; (b) negotiated the terms of the loan(s); (c) provided the funds and received promissory notes (note) that accurately reflected the terms of the bargain negotiated with Mr. Cranney; and (d) later received funds from Mr. Cranney pursuant to the terms of that note.  He will also testify about his relationship with Mr. Cranney vis a vis Shaklee and the events that unfolded in 2012 that led to Mr. Cranney's bankruptcy.   His testimony is important to Mr. Cranney's defense and live testimony is preferred over a deposition.

5. This Court has the discretion to to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to ... make the interrogation and presentation effective for the ascertainment of the truth ... and avoid needless consumption of time[.]  *U.S. v. Brown*, 423 Fed.Appx. 264, 267  (4th Cir. 2011)(quoting Fed R.Evid. 611(a))  "[C]hanging the order in which evidence is presented does not change the burden of roof." *Mays v. Springborn,* 575 F.3d 643, 649 (7th Cir.2009)

Wherefore, defendant moves this Court to grant his motion.

Respectfully Submitted,

/s/JAMES BUDREAU
James Budreau
BBO# 553391
Bassil, & Budreau
20 Park Plaza, Suite 1005
Boston, MA 02116
617-366-2200

CERTIFICATE OF SERVICE

I, James Budreau, do hereby certify that this motion has been filed electronically and that it will be served electronically to registered ECF participants as identified on the Notice of Electronic Filing (NEF) on July 3, 2017.

/s/ James Budreau
James Budreau