UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 14-cr-10276-IT |
| v. | ) |
| JOHN CRANNEY, | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO PRESENT WITNESS OUT OF ORDER DURING TRIAL**

The defendant John W. Cranney ("Cranney") seeks to have defense witness Dr. Burt Stillman testify out of order at trial during the first week of the government's case, or to delay the end of the trial if necessary to permit him to testify on or after September 5, 2017. The government objects to delaying the close of the evidence solely to allow Dr. Stillman to testify. As the government advised the Court at the June 8, 2017 status conference, it has no objection to preserving Dr. Burt Stillman's testimony in a pre-trial deposition under Fed. R. Crim. P. 15. In the alternative, the government does not object to Dr. Stillman testifying in the afternoon of August 18, 2017.

With trial set to start on Monday, August 14, 2017, testimony from a defense witness before Friday, August 18, 2017, would unfairly compromise the government's ability to meet its burden through the orderly presentation of evidence. *See* Fed. R. Evid. 611 (Court should use procedures "effective for determining the truth"). By August 18, however, the government anticipates that at least three of its witnesses will have testified, providing the jury with a framework for understanding Dr. Stillman's testimony, to the extent allowed by the Court. By that point in the trial, the prejudice to the government caused by the disruption of its case with testimony from a defense witness, although significant, would not be overwhelming, particularly

1

if the Court clearly instructs the jury that Dr. Stillman is a defense witness being heard out of order.

The government also objects to the scope of Dr. Stillman's anticipated testimony, which Cranney's motion indicates will include details of purported loans Dr. Stillman made to Cranney, promissory notes he received from Cranney, his relationship with Cranney vis a vis Shaklee, and events leading to Cranney's 2012 bankruptcy.

In fact, the Court has preliminarily ruled that most of Dr. Stillman's anticipated testimony is not admissible. Specifically, the Court ruled *in limine*:

> Non-victim clients may testify to their transfer of money to, and receipt of money from, the defendant or other entity related to the defendant. They may not testify as to their own understanding of defendant's business or practices, and defendant may not offer their testimony or other evidence as to what defendant stated to them.

Docket Entry, March 23, 2017 (ECF No. 213). The testimony Cranney seeks to elicit from Dr. Stillman at trial would clearly bear upon his understanding of how Cranney was handling money. Based on Dr. Stillman's prior testimony in the bankruptcy proceeding, the government is unaware that Dr. Stillman has any direct personal knowledge about Cranney's business or practices, Cranney's relationship with Shaklee, or the events leading up to Cranney's bankruptcy filing.[1] Thus, his testimony would necessarily be based solely on what Cranney told him.[2] Dr. Stillman's testimony would thus allow the defendant to present self-serving hearsay.

---

[1] The government requests that a voir dire of Dr. Stillman be conducted to ensure that his testimony before the jury comports with the Court's order.

[2] If the Court allows Dr. Stillman to testify out of order, the government respectfully requests the right to cross-examine Dr. Stillman with evidence it would present later at trial, particularly financial records demonstrating that Dr. Stillman, as an early investor, was a principal beneficiary of the investment fraud scheme and that funds he received back from Cranney were proceeds from other victims.

Finally, the government opposes the option of holding over the jury to hear Dr. Stillman's testimony after Labor Day, even if all other testimony has been completed, because this would unreasonably delay deliberations. Consistent with Fed. R. Evid. 611(a)(2), the Court should avoid any alteration of the presentation of evidence that would waste time.

                                        Respectfully submitted,

                                        WILLIAM D. WEINREB
                                        Acting United States Attorney

Dated: July 12, 2017         By:    /s/Kriss Basil
                                                MARK J. BALTHAZARD, BBO# 544463
                                                KRISS BASIL, BBO# 673074
                                                Assistant United States Attorney
                                                John Joseph Moakley Courthouse
                                                One Courthouse Way, Suite 9200
                                                Boston, Massachusetts 02210
                                                Tel:  (617) 748-3100
                                                kriss.basil@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 12, 2017                         /s/Kriss Basil_____
                                                KRISS BASIL
                                                Assistant United States Attorney