UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 14-cr-10276-IT |
| | * | |
| JOHN CRANNEY, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

September 13, 2017

TALWANI, D.J.

 Defendant John Cranney contends he is physically incapacitated to stand trial because his heart conditions, in conjunction with other medical conditions, create an unacceptable risk that a trial would trigger a potentially fatal cardiac event. This Memorandum and Order sets forth the procedural history and record thus far, and the relevant legal standard that will guide the scheduling of trial at the upcoming September 13, 2017, status conference.

 Defendant stands indicted of four counts of wire fraud, fourteen counts of mail fraud, and three counts of money laundering. Indictment [#1]; Dismissal of Counts 5 and 7 [#230]. Jurors were summonsed for trial commencing on April 3, 2017. On the morning of trial, Defendant's counsel informed the court that Defendant had suffered a cardiac event that had resulted in Defendant's hospitalization. The court continued the trial for two days and ordered Defendant and his counsel to submit Defendant's medical records and projected date of release from the hospital. Order [#243]. On April 4, 2017, Defendant moved to continue his trial until April 10, 2017, and attached for support a letter from Dr. Shawn Gogia confirming Defendant's hospitalization, need for further procedures, and possible readiness to appear in court by April

10, 2017. Ex. 1 to Mot. to Continue [#247]. The court granted the motion and reset trial for April 10, 2017. Electronic Order [#246].

At the April 5, 2017, status conference, upon representations from defense counsel of Defendant's likely inability to attend trial on April 10, 2017, the court vacated that date and set trial to commence May 1, 2017, on an intermittent schedule. Clerk's Notes [#250]. The court further ordered defense counsel to report on Defendant's condition by April 12, 2017. Id.

At the April 12, 2017, status conference, defense counsel advised the court that Defendant had been released from the hospital and that Defendant was soon to undergo a diagnostic test. Defense counsel again suggested that the trial date be postponed. The court declined to further continue the trial without additional medical evidence, and ordered the parties to submit names of potential experts the court could appoint to evaluate Defendant's condition. Clerk's Notes [#260]. The court memorialized that order on April 13, 2017, directing the government to contact "one or more of the physicians from the submitted list," to make arrangements with defense counsel should the expert need to physically examine the Defendant, and to direct the expert to draft a concise report answering the following questions:

> (a) Whether, in the physician's medical opinion, Defendant Cranney suffers from a serious and out-of-the-ordinary condition such that his attendance at a criminal trial commencing on May 1, 2017, and conducted typically on a 9:00 to 1:00 schedule, with a break at 11:00 and additional breaks as necessary, would pose a substantial danger to his life or health.
>
> (b) What measures might reduce medical risks to the Defendant Cranney.

Order. [#261].

On April 14, 2017, Defendant filed a written supplement to his motion to continue stating that Defendant was released into outpatient care on April 11, 2017, and that

Defendant would be treated by Dr. Debabrata Mukherjee in Texas, where he would be "reevaluated . . . in one month and then his fitness for a trial can be reassessed." [#264]. Defense counsel attached a letter from Dr. Dan Blendea, one of Defendant's treating physicians in Massachusetts, who expressed his opinion that Defendant not undergo criminal trial for at least a month. [#264-1].

On April 21, 2017, the court held another status conference to receive the findings of Dr. Joseph M. Weinstein, the expert consulted pursuant to the April 13, 2017, order. Weinstein Report [#274-1]. Dr. Weinstein appeared by telephone and was questioned by the parties and by the court. Clerk's Notes [#273]. Dr. Weinstein indicated that a diagnostic test was scheduled to be performed in early May 2017, and that this test would inform an assessment of Defendant's physical capacity to stand trial. Id. Upon review of that report and after argument from the parties, the court allowed Defendant's motion to continue as follows:

> The First Circuit has instructed trial judges to assess the totality of circumstances and determine whether trial, as scheduled, would "pose a substantial danger to the defendant's life or health," or in other words, whether trial would precipitate "medical repercussions" that are "serious and out of the ordinary." United States v. Zannino, 895 F.2d 1, 13 (1st Cir. 1990). In light of the independent medical evaluation ordered by the court—which concluded that Defendant was at a temporarily heightened risk for the first 30 days after a cardiac episode, and that a trial commencing in that thirty-day window would pose an unusually heightened risk of causing another dangerous medical event—the court allows the motion.

Order [#277].

The court thereafter set a status conference for May 15, 2017, and ordered Defendant to appear (by teleconference, if preferred). [#281]. At the May 15, 2017, status conference, defense counsel informed the court that the aforementioned diagnostic test had not yet occurred, that it had been rescheduled for May 26, 2017, and that at that juncture, he was not prepared to move to continue. The court set an August 14, 2017, trial date. Clerk's Notes [#285].

3

Following a June 8, 2017, status conference—and in anticipation of a future motion to continue—the court indicated to the parties that the August 14, 2017, trial date remained in place and that Defendant retained the burden of sufficiently demonstrating the medical dangerousness of trial. Order [#289]. The court further explained that it will weigh any such dangerousness against the public interest in bringing Defendant to trial. Id.

On July 24, 2017, at the next status conference, defense counsel represented that Defendant had undergone a diagnostic test which revealed abnormalities. Clerk's Notes [#295]. Upon the government's request, and without objection from the Defendant, the court continued the status conference until July 27, 2017, to allow Defendant's Texas-based treating cardiologist—Dr. Mukherjee—to participate via telephone and provide his opinion as to Defendant's health. Dr. Mukherjee confirmed the presence of medical issues but indicated that further testing would be necessary to fully determine a diagnosis. He added, however, that Defendant had cancelled a scheduled procedure due to his preference for treatment in Boston. As a result of not having the results from the procedure, Dr. Mukherjee was unable to specifically opine on the augmented risks trial would impose on Defendant's health.

On August 2, 2017, defense counsel moved to continue the trial until late November 2017. [#315]. Attached were voluminous medical records and a report from Dr. Warren Manning, an expert cardiologist retained by Defendant. See Manning Report [#315-1]. Dr. Manning concluded that a trial would pose an unreasonable risk on Defendant's health and that the risks of mitigating procedures outweigh their benefits.

In response, the government has again consulted Dr. Weinstein, requesting evaluation of Dr. Manning's conclusions. Dr. Weinstein reviewed Defendant's medical history and, in sum, concluded that medical steps could be taken that would mitigate to some degree Defendant's

current health risks, that until Defendant has been further evaluated and treated, attendance at a criminal trial is "relatively contraindicated" but that after those steps are taken, Defendant would be physically capable to stand trial with acceptable medical risks.

The court held a hearing on Defendant's motion on August 4, 2017, in which Drs. Manning and Weinstein participated via telephone. The doctors were questioned by the parties and by the court.

Based on the medical reports and testimony, the court VACATED the August 14, 2017, trial date. The medical reports suggest that Defendant's condition may be ameliorated via procedures he is presently considering in consultation with his doctors, and that the risks of trial may be decreased by successful completion of these procedures. For these reasons, the court anticipates setting a trial date in short order following completion of these procedures, or if Defendant rejects such procedures, promptly assessing how to proceed under the standards set forth in United States v. Zannino, 895 F.2d 1 (1st Cir. 1990).

Defense counsel is hereby directed to provide regular updates to the court regarding Defendant's medical status and treatment plans. The parties are directed to confer and be ready to discuss dates for trial at the September 13, 2017, status conference.

IT IS SO ORDERED.

September 13, 2017                                              /s/ Indira Talwani
                                                                United States District Judge