## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————
                                              )
UNITED STATES OF AMERICA                      )
                                              )
v.                                            )          No. 14-cr-10276-IT
                                              )
JOHN CRANNEY,                                 )
                                              )
                    Defendant.                )
———————————————————————)

### GOVERNMENT'S UNOPPOSED MOTION FOR LEAVE TO DEPOSE PAUL LAGRIS UNDER FED. R. CRIM. P. 15 AND FOR A FINDING OF UNAVAILABILITY UNDER FED. R. EVID. 804(a)

The United States moves for an order, under Federal Rule of Criminal Procedure 15(a), allowing the government to depose Paul Lagris ("Lagris") in advance of the trial with the Court presiding and for a ruling, under Federal Rule of Evidence 804(a), that Lagris is unavailable to testify at trial. The United States requests a ruling on this matter as soon as feasible, so that, if the Court grants this motion, the government has time to arrange for a deposition of Lagris, who lives in Colorado, in advance of the trial. The defendant, through counsel, has represented that he does not object to the Rule 15 deposition of Lagris and that he does not object to the use of the deposition at trial in lieu of live testimony by Lagris, if the defendant can be present at the Rule 15 deposition and if objections to questions can be resolved during the deposition itself.[1]

### BACKGROUND

The government expects Lagris to testify not only that he gave the defendant money to invest in a purported investment fund that the defendant claimed to manage but also that Lagris

———————————————————————

[1] The defendant suggests the Friday before trial, March 23, 2018, after 10:00 a.m. The United States would agree to this date and time or to such date as may be convenient to the Court to allow the Court to preside over the deposition to be able to rule on objections.

helped the defendant communicate with others, including victims E.S. and J.S., about investing in the defendant's purported investment fund.  The government further expects Lagris to testify that the defendant promised to, and did, pay him commissions based on investments made by others, including victim E.S.  Accordingly, the government believes that testimony from Lagris is relevant to its case regarding the defendant's investment fraud scheme.

Lagris was previously scheduled to testify at trial last April and August.  After the trial was continued, the government notified Lagris by email in October 2017 that the trial had been rescheduled to start in March 2018 and that he would be contacted in February 2018 regarding the specific trial schedule.

On February 22, 2018, the United States emailed Lagris a trial subpoena to secure his testimony for the trial in March 2018.  Defendant also sought to have Lagris served with a trial subpoena, but the U.S. Marshals Service was unsuccessful in doing so.  *See* U.S. Marshal Process Receipt and Return for Trial Subpoena (ECF No. 386).

In early March 2018, government representatives communicated with Lagris by e-mail and phone.  Lagris advised that he would not be available to testify at trial in Boston because he had already made a commitment to house-sit for friends in Hawaii from March 27, 2018 to April 18, 2018, and he had paid for airfare for himself, his wife, and his daughter.  Lagris stated that, at age 80, he is no longer employed and that cancelling his Hawaii trip would represent a financial hardship.  Moreover, Lagris stated that he has recently been diagnosed with Parkinson's disease, can no longer travel alone, and that his adult daughter was travelling to Hawaii with him to provide assistance.  Lagris has stated that he could travel to Boston before March 27, 2018.

The United States has obtained travel records from Lagris that show that he bought tickets to travel from Denver, Colorado to Lihue, Kauai on February 18, 2018.  The United

States has requested documentation of Lagris's medical condition and a statement from Lagris's doctor that his health issues preclude his travelling alone to Boston from Hawaii to testify.

## ARGUMENT

The Court should allow the United States to depose Lagris in the interest of justice and should rule that Lagris is unavailable to testify at trial so that the government can offer his deposition testimony into evidence at trial.

## I.    A Rule 15 Deposition Serves The Interest Of Justice.

Rule 15(a)(1) allows the Court to grant a motion to take the deposition of a prospective witness in order to preserve testimony for trial under exceptional circumstances and in the interest of justice.  The requirements of Rule 15 are met here.  Lagris is a percipient witness to events central to the allegations in this case.  Lagris was previously available to testify in April and August 2017.  Trial was postponed in each instance due to the defendant's health.  Lagris purchased tickets to travel to Hawaii before he received a subpoena to testify at trial in March 2018, apparently assuming that trial would be postponed again.  Given his health issues, his age, and the length of the journey from Hawaii to Boston to testify at trial, considering the financial burden of cancelling his trip to Hawaii, and in light of the exceptional circumstances of this trial, which has been repeatedly rescheduled, this is a situation in which the Court may authorize a deposition.  *See* Fed. R. Crim. Proc. 15(a)(1).

To preserve testimony by Lagris, a deposition is necessary, unless the government is to force him to travel from Hawaii to Boston to testify at trial.  Taking his deposition is in the interests of justice, not only because his testimony is relevant to the allegations in this case, but also because it will not prejudice the defendant.  Defense counsel prepared to cross-examine Lagris in advance of the trial that was continued in April 2017.  The defendant will have a full

opportunity here to confront and to cross-examine the witness.  The defendant already possesses

all Jencks Act materials relating to Lagris.  The deposition will be videotaped so that the jury

would be able to view him directly and assess his credibility.

If the Court allows this motion, the United States respectfully requests that the Court or a

Magistrate Judge preside over the deposition to allow all objections to be ruled upon

expeditiously and efficiently.  The government shall immediately serve upon the defendant a

Notice of Deposition, which will set the taking of the deposition for a date during the week of

March 19, 2018, at a time convenient to the Court.[2]

## II.    The Court Should Rule That Lagris Is Unavailable To Testify At Trial.

Under Federal Rule of Evidence 804(b)(1), deposition testimony by Lagris, on the terms

described above, would be admissible at trial if the Court finds that Lagris is unavailable for trial.

Under Federal Rule of Evidence 804(a)(4) and (a)(5), a witness is unavailable if a then-existing

infirmity, physical illness, or mental illness prevents testimony at trial or if the witness is absent

from trial because the proponent of the testimony has not been able to procure the witness's

attendance at trial by process or other reasonable means.  *See* Fed. R. Evid. 804.  Here, the

government has served Lagris with a trial subpoena.  The defendant has also attempted to do so.

The government can compel Lagris to travel from Hawaii to Boston, but given the witness's age

and health, the government hesitates to do so.  The 5,132 mile trip from Hawaii to Boston

typically takes 14 to 15 hours with multiple stops.[3]  To testify as scheduled, on or about April 3,

---

[2] Testimony from Lagris could also be taken by videoconference from the U.S. Attorney's Office
or the U.S. District Court in Denver, Colorado, which is roughly 38 miles from Lagris's
residence; however, the defendant would have to waive his right to face-to-face confrontation, as
he has done previously.  *See* Def.'s Limited Waiver of Confrontation (ECF No. 107-1).

[3] Given the time difference between Boston and Hawaii and the proposed daily trial schedule,
the United States does not believe that testimony by live video conference is feasible.  For

2018, Lagris would likely have to leave Hawaii on April 1, 2018.  Such a trip for an octogenarian

with Parkinson's disease would undoubtedly be a significant burden.  By contrast, travel for

Lagris from Denver to Boston in advance of trial would be much shorter and considerably less

burdensome for him.  Accordingly, the government submits that the Court should find that

Lagris is unavailable for trial, allowing the government to offer his Rule 15 testimony, if the

Court allows it, into evidence at trial.

## CONCLUSION

For the above-stated reasons, the United States respectfully requests that the Court enter

an order allowing the government to depose Lagris in Boston, prior to trial, with the Court or a

Magistrate Judge presiding and ruling that Lagris is unavailable to testify at trial, therefore

allowing the government to use the Rule 15 deposition at trial.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

Dated: March 9, 2018          By:     /s/Kriss Basil
                                      MARK J. BALTHAZARD, BBO# 544463
                                      KRISS BASIL, BBO# 673074
                                      Assistant United States Attorneys
                                      John Joseph Moakley Courthouse
                                      One Courthouse Way, Suite 9200
                                      Boston, Massachusetts 02210
                                      Tel:  (617) 748-3100
                                      kriss.basil@usdoj.gov

---

example, testimony starting at 11:30 a.m. in Boston would require Lagris to be in a government
building in Hawaii with a video connection to the court by 6:30 a.m.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 9, 2018                                  <u>/s/Kriss Basil</u>
                                                       KRISS BASIL
                                                       Assistant United States Attorney