UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | No. 14-cr-10276-IT |
| JOHN CRANNEY, | ) ) ) | |
| Defendant. | ) ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE LETTERS, EMAILS, AND TEXTS

The Court should deny the defendant's motion *in limine* to exclude letters, emails, and texts. The government initially will offer some of the challenged documents for non-hearsay purposes, such as notice, or will lay the proper foundation for the admissibility of a document within a hearsay exception.[1] The government requests that the Court deny the defendant's motion and rule on each challenged document in the ordinary course at trial.[2]

The defendant is wrong that communications he received but to which he did not respond are necessarily inadmissible hearsay. "Out-of-court statements are considered 'nonhearsay' when they are offered not for the truth of the matter but for some other purpose." *Franchina v. City of Providence*, 881 F.3d 32, 50 (1st Cir. 2018) (quoting *United States v. Murphy*, 193 F.3d 1, 5 (1st Cir. 1999)); *see also* Fed. R. Evid. 801(c) advisory committee's note ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as

---

[1] The defendant also moves to exclude certain documents that the government does not intend to offer as evidence and has marked as exhibits for the purpose of identification at trial.

[2] There is no confrontation issue here because all of the declarants will testify in court about their out-of-court statements to the defendant.

to the truth of anything asserted, and the statement is not hearsay."). Out-of-court statements offered to show notice are not hearsay. *Id*. (citing *Kelley v. Airborne Freight Corp.*, 140 F.3d 335, 346 (1st Cir. 1998) (hearsay rule does not bar out-of-court statement offered to prove notice). Similarly, out-of-court statements offered merely to show context, showing what effect the statement had on the listener, are not hearsay. *United States v. Cruz-Diaz*, 550 F.3d 169, 176 (1st Cir. 2008) (*United States v. Bailey*, 270 F.3d 83, 87 (1st Cir. 2001)). Here, the defendant principally objects to communications he received from investors who wanted their money back. Each instance of such a demand is admissible, not for the truth of the demand, but for the fact of the demand. Several challenged communications to the defendant are notable precisely because he does not respond. For example, the defendant objects to Exhibit 189 in which witness Alex Dinu repeatedly asks the defendant to return his investment. The truth of Dinu's statements is irrelevant. The pertinent fact is that Dinu issued a demand, repeatedly. The defendant responded, first, with silence and then, as noted in the email exchange itself, by coming to Dinu's home to dispute the content of the emails.[3] Exhibit 189 is thus admissible, among other reasons, to show that the defendant knew that A.D. believed that he was entitled to get his money back and to show the effect of the communication on the defendant.[4] The Dinu exhibit is but one example of many in which the defendant's investors asked for their money back or put him on notice that, based on his representations to them, they believed that he was investing their money. The defendant's persistence in his scheme despite repeated notice from multiple witnesses shows his lack of good faith in continuing to solicit money from people.

---

[3] At trial, the exhibit could also fall into the exception for recorded recollection.

[4] At trial, the Court can offer a limiting instruction to the jury about the permissible uses of such communications.

In other instances, the defendant objects to documents that fit squarely in hearsay exceptions. Exhibit 37, a note to the defendant in Robert Bennett's handwriting, is a business record (as well as being admissible for nonhearsay purposes). The government expects Bennett to testify that he was the defendant's book-keeper, he created Exhibit 37 in the course of his duties as the defendant's bookkeeper, and provided documents like Exhibit 37 to the defendant in the course of his duties. *See* Fed. R. Evid. 803(6).

Finally, based on the defendant's questioning of a witness in the Rule 15 deposition that has already occurred in this case, the government expects the defendant to cross-examine witnesses to test their credibility and to question the accuracy of the allegations in the letters, emails, and texts. For example, the government expects the defendant to question whether witnesses ever told him that they believed he was investing their money and whether they ever asked him to return their money. In that circumstance, the challenged documents will be admissible for their truth, as past consistent statements. *See* Fed. R. Evid. 801(d)(1)(B).

For the above stated reasons, the United States requests that the Court deny the defendant's motion *in limine* and rule on the admissibility of the challenged documents at trial, when the government has had an opportunity to lay a proper foundation.

                                              Respectfully submitted,

                                              ANDREW E. LELLING
                                              United States Attorney

Dated: March 21, 2018        By:     /s/Kriss Basil
                                              MARK J. BALTHAZARD, BBO# 544463
                                              KRISS BASIL, BBO# 673074
                                              Assistant United States Attorneys
                                              John Joseph Moakley Courthouse
                                              One Courthouse Way, Suite 9200
                                              Boston, Massachusetts 02210
                                              Tel: (617) 748-3100
                                              kriss.basil@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: March 21, 2018                /s/Kriss Basil
                                            KRISS BASIL
                                            Assistant United States Attorney