UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 14-cr-10276-IT |
| v. | ) | |
| | ) | |
| JOHN CRANNEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* REGARDING THE USE AT TRIAL
OF LAW ENFORCEMENT INTERVIEW MEMOS BY THE DEFENDANT**

The United States has provided the defendant with witness interview summaries prepared by law enforcement personnel from the Federal Bureau of Investigation, Internal Revenue Service, and the Department of Labor. The interviewed witnesses did not create, review, or approve the summaries. The summaries include the investigators' distillation of the substance of the information received from witnesses. As such, the interview summaries are not statements of the witnesses within the meaning of the Jencks Act, and any suggestion to the contrary is likely to confuse and to mislead the witnesses and, consequently, the jury. Accordingly, the United States moves *in limine* to preclude the defendant from introducing the contents of interview summaries to impeach witnesses during cross-examination, from publishing the contents of interview summaries to the jury, or from otherwise suggesting that the interview summaries are statements of witnesses who did not write them or adopt them.

**ARGUMENT**

The Jencks Act requires that after a witness for the United States testifies on direct examination, the government must provide the defense with any statements made by the witness that relates to the subject of his or her testimony. 18 U.S.C. § 3500. A statement within the meaning of the Jencks Act is defined as "a written statement made by said witness and signed or otherwise

1

adopted or approved by him"; a recording or transcription that "is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously"; or a statement made by a witness to the grand jury.  18 U.S.C. § 3500(e); see also Palermo v. United States, 360 U.S. 343, 352 (1959) ("[O]nly those statements which could properly be called the witness' own words should be made available to the defense.").

The interview summaries produced by the United States in this case were not discoverable under the Jencks Act because they are not statements of the witness within the meaning of the statute. The government witnesses in this case have not reviewed or adopted the interview summaries as their statements.  Moreover, because law enforcement personnel wrote the summaries after the interviews, did not seek to transcribe the witnesses statements, and principally memorialized their thought processes and interpretations, the interview summaries do not constitute a contemporaneously recorded and substantially verbatim recital of the witnesses' statements under subsection (e)(2) of the Jencks Act.  See Palermo, 360 U.S. at 352-53 (holding that summaries that "evidence substantial selection of material, or which were prepared after the interview without the aid of complete notes, and hence rest on the memory of the agent . . . [or on] the agent's interpretations or impressions" are not witness statements under the Jencks Act); United States v. Foley, 871 F.2d 235, 239 (1st Cir. 1989) ("It is plain that the 302s are not substantially verbatim recitals . . . and recorded contemporaneously.").

In this circumstance, the defense should be limited to using the interview summaries in a manner that does not lead the jury to believe that the interview summaries are the witnesses' prior statements.  To allow otherwise would subvert the meaning of the Jencks Act and the Supreme Court's decision in Palermo holding that it would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness's own rather than the

product of the investigator's selections, interpretations, and interpolations." 360 U.S. at 350. The defendant, of course, may ask a witness whether he or she made a statement reflected in an interview summary. However, if the defense is not satisfied with the witness's answer, the defense should not be allowed to suggest to the witness or to the jury that the interview summary is the witness's prior statement or to publish or to introduce the contents of the interview summary as a prior inconsistent statement, absent a showing that the witness adopted the interview summary as his or her statement.

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

Dated: April 10, 2018    By:    /s/Kriss Basil
        MARK J. BALTHAZARD, BBO# 544463
        KRISS BASIL, BBO# 673074
        Assistant United States Attorneys
        John Joseph Moakley Courthouse
        One Courthouse Way, Suite 9200
        Boston, Massachusetts 02210
        Tel:  (617) 748-3100
        kriss.basil@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: April 10, 2018    /s/Kriss Basil
    KRISS BASIL
    Assistant United States Attorney