UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 14-cr-10276-IT |
| v.                        ) | |
| ) | |
| JOHN CRANNEY,              ) | |
| ) | |
| Defendant.              ) | |
| ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION OF THE COURT'S ORDERS ISSUED JULY 25 MARCH 22, 2017**

The United States respectfully submits that the Court's prior two orders respecting limits on testimony by self-declared non-victim participants in the investment fraud scheme perpetrated by the defendant against the victims named in the Indictment are clear and require no further clarification. Together, the Court's prior two orders provide that the purported non-victim witnesses may testify to the following facts regarding their financial dealings with the defendant:

1. They provided funds to the defendant;

2. They received promissory notes; and

3. They received back money from the defendant, if they did.

The purported non-victim witnesses may *not* testify to the following facts:

1. Their own understanding of the defendant's business or practices; or

2. What the defendant said to them about their transfer of money to, and receipt of money from, the defendant.

The Court's prior orders therefore allow purported non-victims to authenticate promissory notes, verify the amounts of the notes, and confirm or state the actual return received from the defendant. The witnesses may not testify, however, about what a promissory note is, why the defendant gave

them promissory notes, or what the defendant said to them about their financial dealings.

The United States intends to present evidence of the full scope of the financial fraud scheme to establish why the defendant defrauded the victims named in the Indictment. In short, the defendant took money from one group of people to pay apparent returns to another group of people and spent the rest, in the manner of a Ponzi scheme.[1] The United States will present evidence about the total amount of money the defendant took in so that the jury can see clearly that the defendant's bona fide income, although substantial, was wholly insufficient to pay the promised returns. Moreover, the government needs to present evidence about the non-victims because the defendant paid many of them apparent investment returns with funds from the named victims. In part, the jury will discern the fraud because the defendant continued issuing promissory notes with very high promised rates of return when his only way of paying returns was by getting new investors. In other words, as in Charles Ponzi's scheme, which also involved promissory notes, Cranney was ever more financially incapable of fulfilling the promises he was making, and it got worse with each new investment he received, because his only way of making payments resulted from "loans by his dupes." *Cunningham v. Brown*, 265 U.S. 1, 8 (1924).

The government does not intend to argue or to suggest that the self-declared non-victims are, in fact, victims of the defendant's fraud scheme.[2] Many of them have previously testified in the

---

[1] The United States will not, consistent with the Court's order, refer to the defendant's crime as a Ponzi scheme at trial.

[2] The defendant correctly notes that witness Paul Lagris clearly testified that the defendant always represented to him that the money the defendant obtained from him would be invested in a fund. *See, e.g.*, Lagris Dep. at 58:25 to 59:2 ("I know what he told us, which was it was in a big wahoo fund and you had to have big money and millions to play.") and 63:19-21 ("Q 'Did he in fact, later on, tell you that your money was in a fund?' A 'Yes.'"). Lagris's testimony is consistent with the defendant's representations to other victims. Lagris also testified to his interactions with at least one of the defendant's victims and about the commissions that Lagris earned in relation to what Lagris previously identified as the victim's "investments" with the defendant.

defendant's bankruptcy proceedings that they are not victims.  None of them purport to have admissible evidence about what the defendant said to the victims named in the Indictment. Accordingly, their testimony about their financial relationship with the defendant is wholly irrelevant to this trial.

In sum, the United States submits that the Court's prior orders are clear and correct and require no further qualification.

>Respectfully submitted,
>
>ANDREW E. LELLING
>United States Attorney

Dated: April 11, 2018        By:    /s/Kriss Basil
                                    MARK J. BALTHAZARD, BBO# 544463
                                    KRISS BASIL, BBO# 673074
                                    Assistant United States Attorneys
                                    John Joseph Moakley Courthouse
                                    One Courthouse Way, Suite 9200
                                    Boston, Massachusetts 02210
                                    Tel:  (617) 748-3100
                                    kriss.basil@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: April 11, 2018                /s/Kriss Basil
                                     KRISS BASIL
                                     Assistant United States Attorney