UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>JOHN CRANNEY, )<br>)<br>Defendant. )<br>) | Criminal No. 14Cr10276-IT |

**JOHN CRANNEY'S MOTION FOR JUDGMENT OF ACQUITTAL**
**(Memorandum Incorporated)**

Now comes the defendant John Cranney, by and through undersigned counsel, and hereby respectfully moves this Court to enter a Judgment of Acquittal as to Counts 11, 12, 14, 15, 19 and 21 pursuant to Rule 29 of the Federal Rules of Criminal Procedure. In support of this Motion, defendant states the following:

**DISCUSSION**

The standard for deciding whether to grant a Rule 29 motion is whether "taken as a whole and viewed in the light most favorable to the government, the evidence, and all legitimate inferences to be drawn therefrom" could support a finding of guilt beyond a reasonable doubt. *United States v. Martinez,* 922 F.2d 914, 923 (1st Cir.1991). As discussed below, the government failed to present sufficient evidence to warrant Counts 11, 12, 14, 15, 19 and 21 being submitted to the jury for the transactions involving Elizabeth Sutton, Mary Joe Ewing and

1

Richard Pochepan.  This Court should, therefore, enter a Judgment of Acquittal for those Counts.

**Elizabeth Sutton (EWS) : Counts 11, 12, 14 and 21**

Mrs. Sutton passed away before trial and did not testify.  Her husband, Jerry Sutton, testified in relevant part as follows:

1. The Suttons went to Boston sometime prior to 2008.  They stayed with Jack Cranney at his house in Belmont. Paul Lagris was also present. Mr. Cranney showed the group his computer screens in a sunroom, which depicted figures either from the stock market or interest rates.  During this meeting Mr. Sutton asked Paul Lagris whether he was investing with Mr. Cranney and he responded "yes."

2. Mr. Sutton provided Mr. Cranney funds, which he believed would be invested in the stock market. While Mr. Cranney never specifically told Mr. Sutton that his money would be invested in stocks, Mr. Sutton assumed they would be given the presentation at Mr. Cranney's house.

3. Mr. Sutton received documents from Mr. Cranney entitled "Promissory Note" for each check he provided to Cranney for his "investment." See Exhibit 486 (Promissory Note dated February 26, 2008 for $10,000.00)  Mr. Sutton stated he did not negotiate the terms for these notes.  Mr. Sutton admitted that his wife was speaking to Mr. Cranney on a regular basis and that she was point person for the

2

conversations with Mr. Cranney about these funds. He also admitted that he was not party to the Cranney/Elizabeth Sutton discussions about either his or her funds and what, if any terms or conditions, were placed upon Mr. Cranney's use of those funds or how they would be repaid.

4. Mr. Sutton also testified that he filed affidavits in court which stated that the money he gave Mr. Cranney were in fact loans.

Paul Lagris also testified and documents were put into evidence regarding his relationship with Mrs. Sutton. The following is an overview of that testimony:

5. Mr. Cranney asked Mr. Lagris to speak with Mrs. Sutton on a regular basis because she liked to talk and wanted to be in contact with Mr. Cranney on a regular basis. Mr. Lagris received commissions for some funds Mr. Cranney received from Mrs. Sutton. Checks were admitted that corroborated these commissions. There was no testimony about whether Mrs. Sutton was aware of these commissions.

Based upon the above testimony, defendant moves for judgment of Acquittal for Counts 11, 12 and 14, which are wire fraud allegations, on the grounds that the government failed to prove by proof beyond a reasonable doubt that Mrs. Sutton was defrauded. The evidence simply did not establish that Mrs. Sutton was induced to part with her money based upon material misrepresentations by Mr.

Cranney even when the evidence is viewed in the light most favorable to the government

Count 21, which is a Money Laundering allegation, must also be dismissed as it is entirely dependent upon the viability of Count 11.

**Mary Ewing (MJE) Count 15**

Similarly, the government failed to prove beyond a reasonable doubt that Mary Ewing was defrauded by Mr. Cranney. Mrs. Ewing, like Mrs. Sutton, had passed away before trial. Her son, Rory Ewing, testified as her proxy to the following:

6. Rory testified that stated Mr. Cranney would be investing his retirement funds. He also testified that he told Mr. Cranney that his mother's money was critical to her retirement and that he believed Mr. Cranney was investing both his and his mother's money in the stock market. Mr. Ewing further testified that he was not party to conversations his mother had separately with Mr. Cranney about her retirement funds and cannot be sure if she negotiated the terms of the promissory notes or agreed to some other arrangement. Mr. Ewing admitted that he received promissory notes from Mr. Cranney regarding both his and his mother's funds and that he filed affidavits with the bankruptcy court that the funds provided Mr. Cranney were in fact loans.

Based upon Mr. Ewing's testimony and the lack of evidence establishing what Mrs. Ewing's understanding was of what her financial arrangement was with Mr. Cranney, a Judgment of Acquittal should be entered for Count 15.  There was insufficient evidence to establish that Mrs. Ewing was defrauded or that Mr. Cranney made material misrepresentations to her that induced her to give him money.

**Richard Pochepan (RP) : Count 19**:

Mr. Pochepan testified, in pertinent part, that:

7.  Mr. Cranney told him he was investing his retirement money and that he would put his money into an Employee Stock Ownership Plan (ESOP).   Mr. Pochepan stated that Mr. Cranney never said he was investing his money in the stock market.  He also received a promissory note, which identified the money at issue as a loan.

8.  Mr. Pochepan admitted that he did not know how Mr. Cranney would use the money and that the terms of their arrangement did not preclude Mr. Cranney from using the money to fund his Shaklee business.

Based upon the above, Mr. Cranney moves this Court to enter a Judgment of Acquittal for Count 19 as there was insufficient evidence to show that Mr. Pochepan was defrauded.

Wherefore, defendant moves this Court to enter a Judgment of Acquittal for Counts, 11, 12, 14, 15, 19 and 21 for the above reasons.

                Respectfully Submitted,

                /s/JAMES BUDREAU
                James Budreau
                BBO# 553391
                Bassil & Budreau
                20 Park Plaza, Suite 1005
                Boston, MA 02116
                617-366-2200

### CERTIFICATE OF SERVICE

I, James Budreau, do hereby certify that this motion has been filed electronically and that it will be served electronically to registered ECF participants as identified on the Notice of Electronic Filing (NEF) on May 6, 2018.

                /s/ James Budreau
                James Budreau