UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) CRIMINAL NO. 14-10276-IT<br>JOHN WILLIAM CRANNEY, aka )<br>JACK CRANNEY )<br>Defendant. ) | |

**DEFENDANT'S MOTION TO APPOINT NEW COUNSEL,
PERMIT SELF REPORTING AND TO EXTEND THE SELF REPORTING PERIOD TO
SIXTY DAYS OR, ALTERNATIVELY, STAY HIS SENTENCE PENDING APPEAL**

Now Comes defendant, John W. Cranney, who respectfully moves this Court to (a) *appoint appellate or secondary counsel to handle future filings and to represent Mr. Cranney on appeal* (b) permit Mr. Cranney to self-report post sentencing; (c) either extend his self reporting period to sixty days or, alternatively, stay his sentence pending appeal; and (d) permit undersigned to withdraw after sentencing.  Mr. Cranney will request new counsel for his appeal. As grounds, defendant states the following:

   1.  Mr. Cranney is 76 years old and in poor health.  He has an ulcerated toe, suffered a heart attack and endured cardiac surgery over the last 18 months.  He has diabetes with neuropathic changes, chronic kidney disease and hypertension.

   2.  Mr. Cranney's wife is extremely ill and presently confined to a nursing home for round the clock care.   He spends significant time with her.

   3.  Mr. Cranney will appeal and believes he has viable appellate grounds for reversal.  These appellate issues include but are not limited to the Court's decision precluding him from eliciting testimony from his proffered witnesses in violation of his Sixth and Fifth Amendment constitutional right to present an effective defense, due process and a fair trial.  Specifically,

1

defendant was ready to defend against the government's allegations that he had defrauded investors by calling witnesses who would have testified that (a) they were also victims of the same scheme; (b) the scheme was legitimate; (c) Mr. Cranney was satisfying all contractual obligations per their promissory notes; and (d) he had not made any representations to them about investment their funds in the stock market.   In this context, he expected some of the same witnesses to testify that he was developing other streams of income to repay future debt obligations incurred through this legitimate business scheme.   Mr. Cranney believes he has raised a substantial issue of law that more probable than not will lead to reversal.

   4.  Additionally, defendant believes that the Court permitted the government to admit evidence that he had structured ESOPs illegally despite an early ruling that the government could not make such assertions.  This violated Mr. Cranney's Fifth Amendment right to a fair trial and due process and raises a substantial issue of law that will more likely than not lead to a reversal.

   5.  Mr. Cranney also seeks to raise claims that defense counsel was ineffective by failing to introduce certain evidence which Mr. Cranney believes would have resulted in not guilty verdicts.  His present lawyer is not in a position to present these in any detail and moves to withdraw after sentencing so that Mr. Cranney's new lawyer may do so.

   6.  To prevail under § 3143(b)(1)(B), a defendant must show "(1) that the appeal raise[s] a substantial question of law or fact and (2) that if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Bayko,* 774 F.2d 516, 523 (1st Cir.1985); *see also United States v. DiMasi,* 817 F.Supp.2d 9, 13 (D.Mass.2011). The first prong requires a showing that the question was "close" and "very well could be decided the other way." *Bayko,* 774 F.2d at 522 (internal quotation marks omitted) (quoting

*Giancola,* 754 F.2d 898, 901 (11th Cir.1985)). It does not require a showing that the defendant would "probably" win. *Id.* at 521–22. The second prong requires proof that the error is not "harmless"; rather, it is "more probable than not that a favorable decision will result in reversal of the conviction or a new trial," *id.* at 522 (internal quotation marks omitted), a sentence not involving incarceration, or a sentence that is shorter than the time already served plus the expected length of the appeal, 18 U.S.C. § 3143(b)(1)(B).  Mr. Cranney believes he satisfies this standard and raised a substantial question of law to warrant the stay of his sentence pending appeal.

7.  Undersigned counsel for Mr. Cranney will be out of the country beginning August 10th and returning on August 25th. While trial counsel will file defendant's Notice of Appeal, Mr. Cranney may need some legal assistance with appellate issues post sentencing, which is scheduled for August 9th.   Mr. Cranney will appeal and has stated he wants new counsel for an appeal and all post-conviction matters.  He believes he has substantial issues to warrant a stay of his sentence.  Therefore, it might be expedient to appoint secondary counsel prior to sentencing, who could (a) handle any legal issues immediately after sentencing; and (b) step in as appellate counsel.

8.  Under such circumstances, it makes sense for this Court to extend the time for self reporting to sixty days so that (a) an appropriate facility can be found to handle Mr. Cranney's unique health issues and (b) new counsel can properly assess the grounds for any further Motion to Stay his Sentence.  Alternatively, the Court can stay the sentence pending appeal at the appropriate time.

Wherefore, defendant moves this Court to (a) appoint appellate or secondary counsel just before sentencing to handle future filings and to represent Mr. Cranney on appeal; (b) permit Mr.

Cranney to self-report post sentencing; (c) either extend his self-reporting period to sixty days or stay his sentence pending appeal; and (d) permit undersigned to withdraw after sentencing.

    Respectfully Submitted,

/s/JAMES BUDREAU
James Budreau
BBO# 553391
Bassil & Budreau
20 Park Plaza, Suite 1005
Boston, MA 02116
617-366-2200

## CERTIFICATE OF SERVICE

I, James Budreau, do hereby certify that this motion has been filed electronically and that it will be served electronically to registered ECF participants as identified on the Notice of Electronic Filing (NEF) on August 1, 2018.

/s/ James Budreau

**AFFIDAVIT OF COUNSEL**

I, James Budreau state that the following is true to the best of my knowledge:

1. I represent John Cranney in the instant matter. I have no information that his financial circumstances have changed and believe that he is indigent.

2. Mr. Cranney has serious medical issues and presents an unusual situation for the Bureau of Prisons given he has a serious cardiac condition, chronic kidney disease, diabetes, an ulcerous toe,, hypertension and neuropathic changes that affect his balance and feeling in his hands and legs. He has already had a serious heart attack prior to one trial and cardiac intervention which all experts stated involved significant risk to his life expectancy. While Mr. Cranney took the risk and had surgery, his health is still fragile. Consequently, the BOP will likely need some time to find a facility that would best manage his compromised health condition.

3. Mr. Cranney will appeal his convictions. He also believes that he has valid and compelling appellate issues that will llikely lead to the reversal of his convictions. These grounds are succinctly laid out in the Motion. Mr. Cranney will be asking for new appellate counsel.

4. Mr. Cranney also believes that trial counsel refused to introduce evidence at trial that would have resulted in his acquittal. As undersigned was trial counsel, another lawyer would be a better fit to review such allegations. Consequently, it would make sense for this Court to appoint secondary counsel just before sentencing to take the reigns post sentencing. This timing makes sense since trial counsel will be out of the country beginning August 10-25, 2018 and new counsel could (a) facilitate any legal filing issues including a Motion to Stay or appeals of such orders and forms with the appeals court.

Signed under pains and penalties of perjury on this 6th day of August,

/s/James Budreau